UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ANDRE P. DIGGS,

                Plaintiff,

                                                                   **21 CV 3685 (PKC)(LB)**

   -against-

SERGEANT STEVEN J. ESPOSITO,

                Defendant.
------------------------------------------------------------------------X
ANDRE P. DIGGS,

                Plaintiff,

                                                                  **21 CV 4113 (PKC)(LB)**

   -against-

P.O. MARIO AVENSO,

                Defendant.
------------------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

## REPORT AND RECOMMENDATION

Plaintiff Andre P. Diggs, proceeding *pro se*, brings these two civil rights actions pursuant to 42 U.S.C. § 1983, alleging defendants Sergeant Steven J. Esposito and P.O. Mario Avenso violated his rights under the Eighth Amendment. For the following reasons, it is respectfully recommended under 28 U.S.C. § 636(b) that these cases should be dismissed with prejudice pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(v) and 37(d).

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed the complaint in case no. 21-cv-3685 on June 29, 2021. He filed the complaint in case no. 21-cv-4685 on July 20, 2021. Defendants in both actions served written discovery requests on plaintiff on or about March 28, 2022. ECF No. 26.[1] Defendants moved to

---

[1] The Court held the initial conference in these two actions together on March 9, 2022. ECF No. 21. The Court set the same discovery deadlines in both actions and likewise held conferences in the actions together. I refer to the ECF docket numbers in Case No. 21-CV-4113 unless stated otherwise.

compel plaintiff to respond their requests on August 10, 2022. ECF No. 28. On August 11, 2022, the Court reminded plaintiff of his obligation to cooperate in the discovery process and noted that if plaintiff failed to do so, his cases may be dismissed under Federal Rule of Civil Procedure 37(a) ("Fed. R. Civ. P."). ECF No. 29.

The Court again reminded plaintiff of his discovery obligations during a status conference on September 21, 2022 and stated that if plaintiff failed to respond to defendants' requests by October 25, 2022, that his cases may be dismissed as a sanction for his failure to comply with the Court's Order under Rule 37(a). ECF No. 30. The Court also reminded plaintiff of his responsibility to notify the Court of any new address if transferred to another correctional facility. Id.

On November 3, 2022, defendants requested leave to depose plaintiff and noted that they had not received plaintiff's responses to their discovery requests. ECF No. 33. They also noted that plaintiff had recently been transferred to a new facility. Id. The Court granted defendants leave to depose plaintiff while incarcerated under Rule 30(a)(2)(B) and directed plaintiff to respond to defendants' requests "expeditiously" or his cases may be dismissed under Rule 37(a). ECF No. 35.

On April 5, 2023, the Court noted that the deadline for discovery had passed and ordered defendants to file a status letter by May 1, 2023. Defendants requested that they be relieved from the Court's April 5, 2023 Order and moved to compel plaintiff to respond to their March 2022 discovery requests. ECF No. 37. Defendants also stated their belief that plaintiff had been released from custody. Id. The Court noted that plaintiff had been conditionally released to parole supervision on December 15, 2022 and directed defendants' counsel to contact plaintiff's parole officer to ascertain plaintiff's current address. ECF No. 38.

On May 12, 2023, defendants reported plaintiff's current address as: Bellevue Men's Shelter, 400 East 30th Street, New York, New York 10016 ("Bellevue Men's Shelter"). ECF No. 40. Defendants also reported that, upon information and belief, plaintiff was required to report to his parole officer on May 12, 2023 but had not done so. Id. On May 17, 2023, the Court ordered plaintiff to respond to defendants' March 2022 discovery requests by June 30, 2023 and to file a letter with the Court confirming that he had complied with that Order by the same date. ECF No. 41. The Court warned plaintiff that if he failed to comply with his discovery obligations pursuant to Federal Rule of Civil Procedure 37(a), his cases may be dismissed. Id.

On May 30, 2023, the Court's May 17, 2023 Order was returned as undeliverable. ECF No. 42. On June 5, 2023, the Court ordered defendants to contact plaintiff's parole officer one last time to ascertain his current address and to attempt to serve a copy of this Order and the May 17 Order on plaintiff. ECF No. 43. The Court once again warned plaintiff that if he failed to respond to the outstanding discovery requests in the two cases by June 30, 2023, his cases may be dismissed pursuant to Federal Rule of Civil Procedure 37(a). Id. On June 23, 2023, defendants' counsel reported that they had contacted plaintiff's parole officer, who stated that plaintiff's address continues to be at the Bellevue Men's Shelter. ECF No. 45. Defendants mailed a copy of the Court's May 17 and June 5 Order to plaintiff's current address on the same date. Id.

### DISCUSSION

When a party fails to abide by the Court's Order to provide discovery, the Court may issue sanctions, which include dismissal of the action. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii), 37(d). The imposition of sanctions is a matter within the district court's discretion, but the Court must warn the disobeying party of the consequences of noncompliance before ordering dismissal. Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 764 (2d Cir. 1990). "*Pro se* litigants…are not immune

3

to dismissal as a sanction for noncompliance with discovery orders." Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009).

When considering dismissal, the Court should consider: (1) "the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of…noncompliance." Id. 302-03 (internal quotation marks omitted) (citing Nieves v. City of New York, 208 F.RD. 532, 535 (S.D.N.Y. 2002)). Dismissal is appropriate where a litigant fails to obey the Court's "orders despite repeated warnings that his conduct would result in dismissal." Galeano v. US Custom Serv., 225 F.3d 645, *2 (2d Cir. 2000) (summary order). Although a severe sanction, dismissal is necessary not only to penalize a noncompliant party but also to deter others from engaging in similar conduct. Valentine v. Museum of Modern Art, 29 F.3d 47, 49-50 (2d Cir. 1994) (quoting National Hockey League v. Metropolitan Hockey, Club, Inc., 427 U.S. 639, 643 (1976)).

Here, plaintiff has failed to comply with the Court's Orders to respond to discovery requests despite repeated warnings that his conduct would result in dismissal. See ECF Nos. 29, 30, 35, 38, 41, 43. Despite six Court Orders explicitly warning plaintiff that his cases may be dismissed, plaintiff has failed to respond to defendants' written discovery requests served on plaintiff in March 2022. Id.

Given plaintiff's failure to comply with the Court's Orders despite so many warnings, any sanction short of dismissal would be futile. See S.E.C. v. Setteducate, 419 Fed. Appx. 23, 25 (2d Cir. 2011) (summary order) (affirming a default judgment against a defendant for "unwavering refusal" to be deposed and finding that lesser sanctions would be ineffective). Plaintiff's behavior "reveals…sustained and willful intransigence in the face of repeated and explicit warnings from

4

the court that the refusal to comply with court orders…would result in the dismissal of" these two actions. Valentine, 29 F.3d at 50. Indeed, although plaintiff has been out of custody for more than six months,[2] he has not been in contact with the Court. Plaintiff has failed to respond to defendants' discovery requests since they were served over fourteen months ago. Jin Fang Luo v. Panarium Kissena Inc., No. 15-CV-3642, 2019 WL 360099, at *2 (E.D.N.Y. Jan. 11, 2019), report and recommendation adopted, No. 15-CV-3642, 2019 WL 356939 (E.D.N.Y. Jan. 29, 2019) (collecting cases where dismissal with prejudice was warranted for delays between five and ten months). Dismissal, therefore, is appropriate.

## CONCLUSION

Accordingly, it is respectfully recommended that these two cases should be dismissed with prejudice pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(v) and 37(d).

---

[2] The New York State Department of Corrections and Community Supervision ("DOCCS") website reflects that plaintiff was conditionally released to parole supervision on or around December 17, 2022.

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

                                                                          /S/  
                                                                        LOIS BLOOM  
                                                                        United States Magistrate Judge

Dated: July 12, 2023  
       Brooklyn, New York